# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 2:13-CV-120-KS-MTP**

**ROBERT G. BLAND**                                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's Motion for Default Judgment [6]. For the reasons stated below, the motion is **granted**.

Plaintiff filed its Complaint [1] on June 7, 2013, and Defendant was personally served with process on July 24, 2013 [3]. On September 18, 2013, Plaintiff filed a motion seeking an entry of default [4], and the Clerk entered Defendant's default [5]. On September 20, 2013, Plaintiff filed its Motion for Default Judgment [6], which the Court now considers.

"A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." FED. R.CIV. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). As noted above, Defendant failed to appear, plead, or otherwise defend himself in this matter, and the Clerk's office properly entered a default.

By his default, Defendant admitted Plaintiff's well-pleaded allegations of fact.

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In addressing Plaintiff's Motion for Default Judgment [6], the Court accepts the factual allegations of the Complaint as true, but the entry of a default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th 2000) (punctuation omitted). The Court must ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Complaint.

Plaintiff alleged that Defendant executed and delivered a Promissory Note [1-2] on January 12, 1988, with a principal amount of $38,850.00, at an interest rate of 9%, with 393 payments of $309.00 per month beginning on May 12, 1988. To secure the full and final payment of the note, Defendant executed and recorded a Deed of Trust [1-3] with regard to certain property located at 39 Campbell Drive, Ellisville, Jones County, Mississippi, 39347 – described more specifically in Paragraph III of the Complaint [1] and in the deed of trust [1-3].

Defendant defaulted on his obligations under the promissory note and deed of trust. Plaintiff, therefore, accelerated his payments and declared the entire indebtedness due and payable on September 27, 2008. Defendant failed to comply with the demand, and Plaintiff foreclosed on the property. A sale was conducted on June 14, 2010, at which Plaintiff was the highest bidder. The property was conveyed to Plaintiff, and it became entitled to possession.

Defendant, however, has continued to reside at the property despite Plaintiff's demands that he vacate the premises. Plaintiff sent him notices to vacate via certified mail on June 22, August 17, and September 22, 2010. The fair rental value of the property is $309.00 per month, but Defendant has not paid any rent since Plaintiff took title of the property.

Defendant, by failing to plead or otherwise respond to Plaintiff's Complaint, has admitted all of the facts above. Plaintiff's claim appears to be for "a sum certain or a sum that can be made certain by computation," and an evidentiary hearing is not required. FED. R. CIV. P. 55(b). Accordingly, a default judgment in Plaintiff's favor is appropriate.

Plaintiff took ownership of the subject property on June 14, 2010. Defendant has occupied the property since that date, and he has not paid any rent. Accordingly, Plaintiff is entitled to fair rental value at the rate of $309.00 per month, starting from June 14, 2010, and continuing until Defendant removes himself from the property. Plaintiff is currently entitled to at least 39 months' worth of back rent: $12,051.00.

The Court also grants Plaintiff, the United States of America, immediate and exclusive possession of the subject property, located at 39 Campbell Drive, Ellisville, Jones County, Mississippi, 39347, and described more specifically in Paragraph III of the Complaint [1] and in the deed of trust [1-3]. Defendant shall vacate the premises within **fourteen (14) days** of being served with this order and the accompanying judgment. Failure to comply with this order will trigger the availability of Plaintiff's post-judgment remedies, including but not limited to the eviction of Defendant and all

other parties from the premises by the United States Marshal, and the Court may interpret it as contempt of Court.

For all of the reasons stated above, the Court **grants** Plaintiff's Motion for Default Judgment. The Court will enter a separate final judgment.

SO ORDERED AND ADJUDGED this 10th day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE